382

Circuit Court of Appeals, Second Circuit.
Feb. 5, 1945.

Samuel Ostrolenk, of New York City (Sidney G. Faber, of New York City, on the brief), for appellant.

Harold Weill, of New York City (Rigby, Leon & Weill, of New York City, on the brief), for appellee.

Before HUTCHESON, SIMONS, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

This is an appeal from a judgment of the District Court declaring invalid all six claims and holding not infringed claims 1, 4, and 6 of plaintiff's patent No. 2,132,399 for "Leather Cemented Articles," issued October 11, 1938. The patent contained claims both for the method of manufacture and for the product itself, which was disclosed as a composite material made by uniting a leather to a layer of fabric by means of a cement, the cement being applied in a fine spray to produce an air-pervious article to be used for wearing apparel such as gloves, shoes, slippers, and coats. More in detail the patent describes "a final product which has the pleasant appearance of leather, has its feel, break and softness," obtained by using "skivers of sheep skins, goat skins and the like," the stretching qualities of which may be controlled by reinforcing them with "a cloth specifically woven to provide a stretch in one direction." The cement required to fasten the fabric to the leather is described as "free of fillers or foreign matter," or cement "in a highly pure state," remaining "soft after being dried, while at the same time providing all of the necessary adhering properties." Air-perviousness of the finished product is achieved by using a 1/32 inch nozzle on a spray pump and a pressure of 45 pounds per square inch, the cement being "atomized and uniformly distributed in an extremely thin film over the leather surface to be cemented with the fabric, so that the individual globules of the cement are prevented from coagulating with each other to form a hard stiff substance." The cement is thus deposited in "spaced particles permitting passage of air therethrough."

Claims 1 and 6, which are the method claims, and claim 4, dealing with the product—all prominently feature an article having "a substantial stretch in one direction only," or a process "which comprises stretching a leather in one direction." This points rather clearly to the use of the material in the manufacture of gloves. For plaintiff, the son of a glove cutter and interested in that business, originally sought a material with a predetermined stretch which, by eliminating the necessity for skilled inspection, would make possible a machine method of manufacturing gloves. But today neither plaintiff nor defendant is engaged in the manufacture of gloves. Defendant manufactures a material used as interlinings for coats. Though this material comprises a layer of leather and a layer of fabric united by cement, defendant does not stretch its leather in one direction, but uses a method similar to that employed by the fur industry for forty or fifty years, consisting of clamping the leather to a board with staples, so that it is smooth in all directions, its stretch being of no importance. It uses cheesecloth or any suitable backing fabric, irrespective of whether it has a stretch in one direction, and the finished product does not have "a substantial stretch in one direction only." We therefore agree with the District Court's conclusion that infringement has not been proven as to these claims.

But the court went further and held that, in view of the state of the prior art, all six claims are invalid for lack of invention.[1] With this conclusion we also agree. Both

---

[1] Typical claims are 1, which describes "the method of manufacturing composite materials" by stretching the leather in one direction, spraying a cement thereon so as to leave the cement globules substantially equal in size to the solid part of the leather, and not blocking the openings in the leather, and applying a fabric to the leath-

the Holbrook patent No. 293,878 (1884) and the Kahlmeyer patent No. 1,931,612 (1933) disclosed compound materials obtained by cementing leather to cloth or fabric. And both Holbrook and the Hopkinson patent No. 1,784,523 (1930) showed the use of a cement similar to the pure rubber type described by plaintiff; indeed, the latter stated that the spraying of latex, free of fillers, on leather was old in the art, since this substance was used in substantially the concentration obtained from the trees. Finally, the Stoffel patent No. 1,170,699 (1916) disclosed the use of a spray gun for applying cement to a fabric; and Kahlmeyer taught the spraying of a thermoplastic solution in the form of a mist upon the nap of the fabric with which the leather was to be combined, thereby producing a material having on the outer or free portions of its nap fibers minute discrete particles of solid adhesive.

Since it would obviously be absurd to consider as a patentable invention the mere adjustment of the nozzle of a spray gun in such a way as to deposit cement in "spaced particles permitting passage of air therethrough," the prior art thus demonstrates the invalidity of the method claims and leaves little room for a patent on the product itself, unless patentability can be found in the fact that it is pervious to air. Whatever doubts there may be as to the sufficiency of this to constitute invention, it is enough to say here that the prior art also shows porous compound materials. Thus the Head patent No. 2,004,110 taught the making of a porous rubberized fabric by spraying the surface of two pieces of fabric with vulcanizing rubber latex "in the form of a more or less fine mist," and then uniting them under pressure.[2] And even the Hopkinson and Kahlmeyer patents indicated products pervious to air, since the former disclosed adhesive not impregnated in the fabric, and the latter spaced particles of cement covering the solid part of the leather only. Moreover, there was evidence from defendant's expert, Kimball, a consulting chemist, that he had tested various mate-

rials, including both plaintiff's product and those manufactured by similar methods prior to the patent, and found them all permeable to air. And though plaintiff challenges these tests, their validity must be left to the trial court. Further, defendant's witness Junker testified that he had been combining shoe cloth and leather since 1918 and had used leather consisting of skivers which, when cemented with cloth, was pervious to air. Nothing remains, therefore, of plaintiff's process or product that can conceivably constitute invention. Plaintiff's interesting argument against the present "restrictive attitude" of the courts toward patents might well be reserved for a stronger patent. Atlantic Works v. Brady, 107 U.S. 192, 200, 2 S.Ct. 225, 27 L.Ed. 438.

Affirmed.

---

er thus coated, "the leather, cement and fabric being so positioned that the composite material is pervious to air," and 2, which describes "as an article of manufacture a composite material comprising a layer of leather and a fabric united by a layer of cement, said cement consisting of spaced particles permitting passage of air therethrough."

[2] Plaintiff objects to the Head reference on the ground that he conceived of his invention before its date, 1933, and as early as 1931. The record indicates experimentation at that time, but not the accomplishment of a process for the production of a porous compound material, which undoubtedly occurred later.